State v. Mills

Defendant claimed that he neither handled nor saw any of the marijuana. Marcia Jones essentially corroborated defendant's testimony.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Revelle, Burleson & Lee, by L. Frank Burleson, Jr., for defendant appellant.*

---

STATE OF NORTH CAROLINA v. DAVID LAFAYETTE MILLS

No. 7526SC540

(Filed 17 December 1975)

**Criminal Law § 159— inadequate record on appeal — appeal treated as exception to judgment**

An appeal was treated as an exception to the judgment, presenting the record proper for review, where the record on appeal was not docketed in apt time, the record did not present documents or events in chronological order, the record contained no exceptions, and the assignments of error referred to no exception.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 13 March 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 October 1975.

State v. Wardlow

Defendant was charged with the 13 July 1973 murder of one Billy Frances Brinkley. From a plea of not guilty the jury returned a verdict of guilty of the offense of voluntary manslaughter. From judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary to decision are cited in the opinion below.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*Plumides, Plumides and Shuster, by John G. Plumides, for defendant appellant.*

MORRIS, Judge.

Defendant's record on appeal was docketed on the 109th day after entry of judgment, and the 28 April 1975 order extending time does not validly extend the time for docketing. The record fails to present documents or events in chronological order. The record contains no exceptions, nor does either of the two assignments of error refer to an exception. The appeal, therefore, can present only the face of the record for review. Because of defendant's indigency, rather than dismiss the appeal, we have considered this appeal as an exception to the judgment, presenting the face of the record for review. We have reviewed the record and find that defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and MARTIN concur.